UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>   Plaintiff,<br><br>   v.<br><br>SSR GROUP, INC.,<br><br>   Defendant. | Case No. 15-cv-05094-MEJ<br><br>**ORDER DENYING MOTION TO DISMISS; STAYING ACTION FOR ALL PURPOSES EXCEPT MEDIATION TO BE CONDUCTED BY ADR PROGRAM**<br><br>Re: Dkt. No. 28 |

## INTRODUCTION

Pending before the Court is Defendant SSR Group, Inc. ("Defendant")'s Motion to Dismiss Plaintiff Scott Johnson ("Plaintiff")'s First Amended Complaint ("FAC"). Dkt. No. 28. Plaintiff filed an Opposition (Dkt. No. 31), and Defendant filed a Reply (Dkt. No. 37). Both parties have consented to this Court's jurisdiction. Dkt. Nos. 20 & 22. The Court finds this matter suitable for disposition without oral argument and **VACATES** the July 14, 2016 hearing. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **DENIES** Defendant's Motion for the reasons set forth below. The Court also **STAYS** the action until the parties complete the mediation process required by General Order No. 56.

## BACKGROUND

Plaintiff is a quadriplegic who uses a wheelchair for mobility. FAC ¶ 1, Dkt. No. 26. He alleges that on at least four occasions in 2015 when he visited Defendant's convenience store (the "Property"), he encountered barriers to accessibility. *Id.* ¶¶ 18-48, 143-46. Specifically, Plaintiff alleges Defendant failed to provide accessible parking and a path of travel to the Property. *Id.* He also identifies other barriers to access, but notes he did not encounter those personally. *Id.* ¶¶ 49-68, 121-34 (transaction counters and restroom facilities not accessible to persons in wheelchairs);

¶¶ 135-42 (merchandise aisles, safety features, and fuel pumps not accessible to persons in wheelchairs). Plaintiff alleges these conditions violate the Americans with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. §§ 12101, et seq., as well as California's Unruh Civil Rights Act, and California Civil Code §§ 51 and 52.

Defendant argues it has remediated the violations identified in the FAC and that the Property is now in compliance with the ADA. Mot., Dkt. No. 28-1 at 6-7. Defendant's Motion is supported by the Declaration of Steven T. Arnold, an Access Compliance Specialist certified by the State of California. *See* Arnold Decl., Dkt. No. 28-2. Mr. Arnold declares that he assisted Defendant in bringing the Property into compliance with federal and state laws. *Id.* Having inspected the Property in 2016, Mr. Arnold opines that "with regard to the purported barriers identified by Plaintiff Johnson in his FAC, the Property satisfies all of the standards and requirements set forth in the ADA's 1991 Standards or ADA 2010 Standards" and that Defendant is "in full compliance" with all ADA requirements "with respect to all of the purported 'barriers' identified in Plaintiff Johnson's FAC." *Id.* ¶¶ 58-59. Defendant argues its remediation efforts moot Plaintiff's request for injunctive relief as there can no longer be a risk of future harm. Because the ADA claim is the sole predicate for federal jurisdiction here, and because the only relief Plaintiff is entitled to under the ADA is injunctive relief, Defendant asks the Court to dismiss the ADA claim for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(h)(3); it also asks the Court to decline to exercise supplemental jurisdiction over the remaining state law claims and to remand them to state court.[1]

Plaintiff has not filed a competing declaration from another compliance specialist. Instead, he relies on Mr. Arnold's declaration to support his arguments that at least some of the barriers identified in the FAC do not currently comply with the ADA. Opp'n, Dkt. No. 31 at 5-12 (citing Arnold Decl. ¶¶ 27-28, 32, 35, 45, 55-56). He further argues that Defendant has not met the burden of demonstrating that the violations that have been remediated, will not recur. *Id*. at 12-16.

---

[1] In its Reply, Defendant for the first time argues that Plaintiff's ADA claim fails because he has insufficiently alleged that he will return to the Property, and thus lacks Article III standing to pursue declaratory relief. *See* Reply, Dkt. No. 37 at 3-4. Plaintiff has not had an opportunity to respond to this new argument.

**LEGAL STANDARD**

Federal district courts are courts of limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted). Accordingly, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.*; *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Federal Rule of Civil Procedure 12(b)(1) authorizes a party to move to dismiss a lawsuit for lack of subject matter jurisdiction. A jurisdictional challenge may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where the attack is facial, the court determines whether the allegations contained in the complaint are sufficient on their face to invoke federal jurisdiction, accepting all material allegations in the complaint as true and construing them in favor of the party asserting jurisdiction. *Warth v. Seldin*, 422 U.S. 490, 501 (1975). Where the attack is factual, however, "[t]he court need not presume the truthfulness of the plaintiff's allegations." *Safe Air*, 373 F.3d at 1039. In resolving a factual dispute as to the existence of subject matter jurisdiction, a court may review extrinsic evidence beyond the complaint without converting a motion to dismiss into one for summary judgment. *Id.*; *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) (holding that a court "may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction").

Dismissal for lack of subject matter jurisdiction in a case premised on federal-question jurisdiction is "exceptional." *Sun Valley Gasoline, Inc. v. Ernst Enter., Inc.*, 711 F.2d 138, 140 (9th Cir. 1983). Jurisdictional dismissal is warranted "where the alleged claim under the constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous." *Safe Air*, 373 F.3d at 1039 (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)). Jurisdictional dismissal is not warranted when "the jurisdictional issue and substantive issues are so intertwined that the

3

1  question of jurisdiction is dependent on the resolution of factual issues going to the merits of the
2  action." *Sun Valley Gasoline*, 711 F.2d at 139. Jurisdictional and substantive issues are
3  intertwined where "a statute provides the basis for both the subject matter jurisdiction of the
4  federal court and the plaintiff's substantive claim for relief." *Id.*

## DISCUSSION

### A.   Jurisdictional Dismissal Is Not Warranted At This Stage

Dismissal is not warranted at this time because the jurisdictional and substantive issues in this ADA action are significantly intertwined. Defendant is correct that this Court would lack jurisdiction over Plaintiff's ADA claim if all of the barriers Plaintiff identifies in the FAC have been remediated; but whether the barriers have been adequately remediated is at the heart of the merits of Plaintiff's ADA claim. The Ninth Circuit has cautioned that courts should not apply Federal Rule of Civil Procedure 12(b)(1) or 12(h)(3) when, as it is here, the issue of jurisdiction is intertwined with the merits of a claim. *See Sun Valley Gasoline*, 711 F.2d at 139-40; *Safe Air*, 373 F.3d at 1039; *Robert v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) ("The relatively expansive standards of a 12(b)(1) motion are not appropriate for determining jurisdiction in a case . . . where issues of jurisdiction and substance are intertwined. A court may not resolve genuinely disputed facts where 'the question of jurisdiction is dependent on the resolution of factual issues going to the merits.'") (citation omitted); *Rosales v. United States*, 824 F.2d 799, 803 (9th Cir. 1987) ("[I]f the jurisdictional issue and substantive claims are so intertwined that resolution of the jurisdictional question is dependent on factual issues going to the merits, the district court should employ the standard applicable to a motion for summary judgment and grant the motion to dismiss for lack of jurisdiction only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law . . . . Otherwise, the intertwined jurisdictional facts must be resolved at trial by the trier of fact."). Simply put, the Court will not dismiss the action at this juncture because the jurisdictional analysis is coextensive with the merits of Plaintiff's ADA claim.

The cases Defendant cites for the proposition that this Court may dismiss Plaintiff's ADA claim merely based on Mr. Arnold's declaration do not dictate a different result. First, Defendant

cites *Langer v. Roclar Co.*, Case No. 14-cv-1623, 2014 U.S. Dist. LEXIS 66488 (C.D. Cal. May 14, 2014)[2], in which the court dismissed an ADA claim based on the declaration of expert certifying that the defendant was ADA-compliant. But in *Langer*, the plaintiff did not actually dispute whether the barriers had been remediated by the defendant. Instead, the plaintiff merely disputed whether the defendant's expert had inspected the parking lot and argued that, even if the parking lot was compliant now, his claims were not moot because the lot might become non-compliant in the future. *Id.* In this case, Plaintiff quotes Mr. Arnold's own findings to show that Defendant has not in fact remediated the slope of the parking space, the width of the access aisle, the height of the fuel pumps, and the accessibility of the path of travel from the Property to the public sidewalk. Opp'n, Dkt. No. 31 at 5-11. In each instance, Mr. Arnold either admits that a condition is non-compliant (but argues the barrier is insignificant), or fails to deny that the condition is non-compliant. *See id.* (citing Arnold Decl., Dkt. No. 28-2 ¶ 27 (curved curb is "not a significant barrier"); ¶ 28 ("The only portion [of the access aisle in the parking lot] less than 96 inches width was at a pipe bollard protecting the propane tank"); ¶ 32 ("There are some small areas that slope over 2%"); ¶ 35 (not denying that there is no wheelchair accessible route from store to sidewalk, but stating that "there are no permits that would have required a pedestrian path of travel to a public sidewalk"); ¶ 45 (fact that side grab bar only extended 53 inches from wall, not required 54 inches, was "not a significant barrier" and photograph shows "reasonable compliance"); ¶¶ 55-56 (not denying that fuel pumps are higher than 54 inches and inaccessible to wheelchair users but stating that call buttons have been installed.)).

Another case Defendant cites, *Dodson v. Joseph Esperanca, Jr., LLC*, 2013 WL 6328274, at *5-*6 (E.D. Cal. Dec. 4, 2013), is instructive. *See* Reply, Dkt. No. 37 at 6. In *Dodson*, the defense expert likewise declared that a facility complied with ADA accessibility requirements, but the court denied defendant's motion to dismiss because the plaintiff provided competing declarations stating that the slope of parking spaces and access aisles exceeded the 2% standards established by the ADA. *Dodson*, 2013 WL 6328274, at *5-*6 (the court struck the paragraphs in

---

[2] This opinion is not available on Westlaw.

the complaint that referenced barriers plaintiff *conceded* had been remediated by defendant). Here, Mr. Arnold's own declaration states the slope of the parking space in "some small areas" exceeds 2%. Arnold Decl., Dkt. No. 28-2 ¶ 32. Ultimately, as in *Dodson*, it is not appropriate for this Court to resolve on a motion to dismiss whether these "small areas" of noncompliance render the entire parking space non-compliant, or whether any of the conditions identified in the FAC violates ADA requirements.

None of the other opinions Defendant cites suggests the Court can rely on an expert's opinion that a defendant complies with the ADA to dismiss an ADA claim on mootness grounds at this stage of the litigation. On the contrary, in *Johnson v. California Welding Supply, Inc.*, the court denied defendant's motion to dismiss an ADA claim based on mootness because triable issues of fact existed as to the remediation of the barriers. 2011 WL 5118599, at *12 (E.D. Cal. Oct. 27, 2011). The *Johnson* court held that, "[b]ecause of these disputed issues of material fact in this action where the jurisdictional and substantive issues are intertwined, the court cannot dismiss this action for lack of subject matter jurisdiction." *Id*. The other cases Defendant cites were decided on summary judgment, after the parties had the opportunity to conduct discovery. *See Grove v. De La Cruz*, 407 F. Supp. 2d 1126, 1130-31 (C.D. Cal. 2005); *Hernandez v. Polanco Enters., Inc.*, 19 F. Supp. 3d 918, 922 (N.D. Cal. 2013) (granting summary judgment to defendant on some of plaintiff's ADA claims after finding them moot due to remediation of 37 barriers, denying summary judgment as to other barriers because material issues of triable fact remained as to whether they had been eliminated, and declining to extend supplemental jurisdiction over state law claims because there was no showing that remaining barriers could support state law claims independent of alleged ADA violations), *rev'd*, 624 F. App'x 964 (9th Cir. 2015) (reversing and remanding dismissal of state law claim relating to size of entrance landing, which the court had found moot due to remediation: while federal ADA claim only permitted injunctive relief, state law permitted damages based on past encounters with barriers). Defendant may be able to establish at some point that this Court lacks original federal question jurisdiction because all the barriers identified by Plaintiff in the FAC have been remediated. But Defendant has not established the "exceptional" circumstances required to do so at this stage in the proceedings. *See*

6

*Sun Valley Gasoline*, 711 F.2d at 140.

Moreover, Defendant has not established that violations will not reoccur with respect to some of the barriers Defendant has remediated. *See* Arnold Decl., Dkt. No. 28-2 ¶ 30 (hoses have been relocated away from access aisle), ¶ 50 (aisle width in compliance because merchandise has been relocated). While laudable, these voluntary remediation efforts are not structural in nature, and could easily reoccur despite Defendant's best intentions. As such, the Court cannot find that the remediation moots the issue. *See Norman-Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1274 (9th Cir. 1998) (request for injunctive and declaratory relief is not mooted by voluntary cessation of ADA violations by defendants; defendants "have not carried their heavy burden of establishing *either* that their alleged behavior cannot be reasonably expected to recur, *or* that interim events have eradicated the effects of the alleged violation") (emphases in original).[3] In this case, Defendant has not met the "heavy burden" of establishing that its voluntary removal of hoses and merchandise moots Plaintiff's request for prospective relief.

Because the Court denies Defendant's motion to dismiss the ADA claim, it need not address Defendant's request to that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

**B.     The Court Will Not Consider Arguments Raised for the First Time on Reply**

For the first time in its Reply, Defendant argues that Plaintiff's ADA claim should be dismissed because Plaintiff has insufficiently alleged that he will return to the Property. *See* Reply, Dkt. No. 37 at 3-4. The Court will not consider this untimely argument. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments

---

[3] Defendant also cites *Vogel v. Waldorf Rest. Group Centinela, LLC,* No. 13-9420 (C.D. Cal. filed Apr. 11, 2014) for the proposition that ADA claims must be dismissed where a plaintiff is unable to allege a risk of future injury because barriers have been cured. *See* Mot., Dkt. No. 28-1 at 5 (the order is not available on Westlaw or Lexis, and Defendant did not provide the Court with a copy of the document). In its two-page order dismissing the ADA claim, the Vogel Court explained that the plaintiff had encountered barriers when he visited a restaurant that was "undergoing renovations" and that none of the barriers were present because the "renovations cured the alleged problems." The Order does not state whether the plaintiff conceded the renovations cured the barriers, nor how defendant had established the barriers were cured. In any event, removal of barriers through renovations is the type of permanent, structural remediation that can establish mootness, but which is not established here.

for the first time in a reply brief").

## CONCLUSION

Based on the analysis above, the Court concludes that the intertwined nature of the jurisdictional and substantive issues and the limited factual record here do not support deciding the ADA compliance issue before the parties have conducted appropriate discovery. The Court accordingly **DENIES** the motion to dismiss.

On June 24, 2016, Plaintiff filed a Notice of Need for Mediation. *See* Dkt. No. 34. Pursuant to General Order No. 56, the matter now will be referred to the ADR Program and a mediation shall be "scheduled as soon as feasible, and in no event later than 90 days from the date the Notice of Need for Mediation" was filed. General Order No. 56 ¶ 7. If the case does not resolve at mediation, Plaintiff "*shall*" request a Case Management Conference. *Id*., ¶ 8 (emphasis added). If the Court schedules a Case Management Conference, it will set deadlines for Defendant to file a responsive pleading at that time and will address the scope of discovery.

In order to promote the "just, speedy, and inexpensive determination" of this action (Fed. R. Civ. P. 1) and the goals of General Order No. 56, the Court hereby **STAYS** this action for all purposes except the mediation to be conducted by the ADR Program. The stay does not prevent the mediator from ordering another site inspection to allow the parties to evaluate Defendant's remediation efforts.

**IT IS SO ORDERED.**

Dated: July 11, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge